Alright, let's take up the first case set on the 10 o'clock call, Dorup v. Brady. Please proceed. May it please the Court, Counsel. My name is Nathan Frisch and I represent the appellant in this matter. This is a case concerning the modification of a Louisiana child custody order by an Illinois court. Our appeal is centered on the Uniform Child Custody and Jurisdiction Enforcement Act and, alternatively, on whether the trial court's order was against the manifest way of the evidence. Due to time constraints today, I'm going to limit my arguments to the jurisdiction act. This court should reverse the trial court and vacate the order modifying custody because Louisiana held exclusive continuing jurisdiction because it made the initial custody determination, the Illinois court failed to satisfy section 203 of the jurisdiction act, the Illinois court failed to communicate with the Louisiana court and failed to make a record of any communications, and the Illinois court did not have temporary or emergency jurisdiction pursuant to section 204 of the act. The facts in this case are that the parties were divorced in Louisiana in June of 2011. The divorce gave my client sole custody subject to Mr. Dorup's reasonable visitation. The case came to Illinois in November of 2013 when Mr. Dorup filed an order of protection in Montgomery County. My client came to Illinois in November to defend the allegations in the order of protection. She was served on that day with the underlying case now in appeal, 13-MR-183, and after hearing evidence, she was pro se at the time, and after hearing evidence in the LP case, the trial court suggested that she enter into a temporary order in 13-MR-183, and thereby modifying temporary custody from her to Mr. Dorup, and it was from that point forward that the trial court's actions became voidable. The UCCJEA was enacted to end custody disputes between states, to enhance the enforcement of custody orders by sister states, and to prevent form shopping by parents, basically to prevent the exact scenario that's before the court today. To properly modify the Louisiana custody determination, Illinois had to satisfy the requirements of Section 203 of the Jurisdiction Act. Section 203 specifically states that Illinois may not modify another state's child custody determination unless two prongs are met. The first prong the Illinois court has to look at is Section 201A1 or 201A2. 201A1 requires the Illinois court to determine whether Illinois is the home state. The home state is defined by the Act as the state in which the child lived six months immediately preceding the commencement of the action. In this case, the child was with his father for approximately two to three months before the action was initiated. Therefore, by the plain language of the Act, Illinois was not the child's home state. So moving on to 201A2, Illinois must determine that, in this case, Louisiana was not the home state or that the home state declined to exercise jurisdiction because Illinois was the more appropriate forum. The Illinois court never communicated with the Louisiana court to determine whether it was the home state or to determine whether Louisiana declined to exercise jurisdiction because Illinois was the more appropriate forum. So they failed to analyze 201A1, they failed to analyze 201A2, and therefore they erred by failing to analyze those because they could not properly determine whether they could modify the Louisiana custody order. Now, if this court finds that 201A1 or 201A2 were met, the trial court still erred by failing to analyze the second prong of Section 203. Section 203.1 requires a communication with Louisiana for Louisiana to determine whether they had exclusive continuing jurisdiction or that Louisiana is no longer the proper forum. When was the UCCJEA first raised in the trial court? Judge, it was first raised... And how was it raised? It was raised by a motion to vacate the temporary order in... Okay, so it was prior to the trial. It was prior to the trial. Okay, all right, go ahead. 203.1... Can you help me refresh my recollection? Did the trial court make any specific findings in regard to this jurisdiction issue? Judge, it did when it ruled on the motion to vacate the temporary order. However, it cited the wrong statute and it found that my client had waived any jurisdictional issues because they'd already been in court for a period of time. Is that possible with subject matter jurisdiction? To waive it? Not that I'm aware of, Judge, and it's not. I don't have a site for that, but it's not. Please proceed. So Section 203.1, under the plain language, requires Louisiana to determine whether it had exclusive continuing jurisdiction or whether it was a more convenient form. Now, the appellee will argue that communication between the courts and the states is irrelevant. However, I submit to the court that communication between the courts and the states is vital because without it, Illinois cannot properly modify a Louisiana custody order. And Ray Joseph, B.D., the second district, vacated and remanded the trial court specifically because it did not make a record of communication with the Nevada court. In that case, the respondent filed a custody action in Nevada in 1999. Petitioners subsequently filed a custody action in Illinois in 2005, and the court found reversible error where the action pending in Nevada, with the action pending in Nevada, the Illinois court failed to communicate and make a record of that communication so they could determine where the proper jurisdiction lies. Here, similar to Joseph and Ray Joseph, no communication occurred between Illinois to determine any proper jurisdiction, and to this day, Louisiana has no idea that an Illinois court entered an order undermining its original order. Section 203.2 requires either Illinois or Louisiana to determine that at the time of the commencement of this proceeding, in 13 M.R. 183, that a child or the child's parents no longer presently resided in Louisiana. Now, my client, from the day that she came to defend the allegations in the order of protection, and this underlying case started that day, my client has maintained that she lived in Louisiana. The trial court judge asked her that day, Ma'am, what is your current address? She said, Louisiana. When Mr. Gore, the appellee, filed the order of protection against my client, he had her serve in Louisiana. So the trial court, and in addition, the trial court never made a finding that my client did not presently reside in Louisiana, nor could it have made such a finding, because from the day these proceedings commenced, she told the court she lived in Louisiana. So even if the court finds the first problem of 203 dissatisfied, the trial court still failed to analyze the second problem of 203 to determine whether it properly modified the Louisiana custody order. Now, the appellee will argue also that the trial court had emergency temporary jurisdiction under Section 204 of the Act. 204 is proper when a child is abandoned or jurisdiction is necessary to protect the child because the child, his siblings, or his parents is in immediate or threatened to be in danger. Abandoned, as defined by the Act, is left without provision for reasonable and necessary care or supervision. The child is obviously not abandoned here. He was with his father in Illinois when the incidents that brought the O.P. occurred. Temporary emergency jurisdiction was not necessary to protect the child because his mother was not subject or threatened with abuse. The appellee will argue that when my client's boyfriend was murdered in Texas, that this satisfies the element of emergency jurisdiction. But again, the child was not in Texas. The events had occurred nearly a month prior to him filing for protection. At that point, Mr. Gorter's action should have been to go to Louisiana and file a modification there. There was no emergency at that time. However, even if this Court finds that the Section A of 204 is met, the trial court still failed to follow Section 204C and 204D. Section 204C requires that any order issued under the temporary emergency jurisdiction in Illinois must specify a time period to allow the person seeking the order, in this case the appellee, to obtain an order from the state of Louisiana with proper jurisdiction. Such a temporary order remains in effect until the order is obtained from that state or that time period in the order expires. Here, the initial order was entered November 18, 2013. It did not specify any time period for expiration. Rather, the order remained in effect until the parties went to trial, and that trial concluded on January 22, 2015, over a year later. Language 204C is meant to prevent this exact scenario, allowing the appellee to retain custody over the child via a temporary order with no relief from my client. 204D states that when an Illinois is asked to modify another state's order, it is to immediately communicate with the other state to determine a period of duration for the temporary order. So again, it sets a time limit, so we're not in a scenario where my client is going a year or so without custody and through a temporary order. And that never happened again because there was no communication. And that's exactly why the legislator put the communication requirements all throughout the UCCJEA. So, in sum, Illinois never had temporary emergency jurisdiction, and if it did, the court nonetheless committed a reversible error by failing to set a date of expiration on the temporary order and by failing to communicate with the Louisiana court. The proper action the trial court should have taken is to follow Section 206 of the Jurisdiction Act, which requires the Illinois court, before hearing a trial precedent proceeding, to determine whether another state has entered an order regarding the same issue. Then, if it has, the Illinois court shall stay. The statute said it shall stay its proceeding and communicate immediately with the other court to discuss whether Illinois was the more appropriate forum. If it had done that here, back in 2013, it's likely Louisiana would have said, no, we're still the more appropriate forum because Mother still lives here. But, unfortunately, a year and a half later, there was no communication, and the trial court ruled against my client. Counsel, before you run out of time, let me ask you a question here, and I'll ask you at this time so Mr. McCain can comment if he wants to. In your conclusion, you've asked that we find that the Illinois court did not have jurisdiction and that the vacation of the order modifying custody, and for such other and further relief, this would be equitable and proper. Of course, in these child custody cases, one of the things we're concerned about is stability, and AG, who's what, just turned eight years old, has been with his dad for the past two years in Illinois. So, do you want to comment on, if we were to rule in your favor, what specifically you'd be looking for as far as would be equitable and proper, as where the trial court, either Louisiana or Illinois, should go from here? I think it would be equitable and proper, Judge, to go back to where the trial court started, its voidable error, and that was back in 2013. Is it voidable or void? It's voidable. It's voidable, Judge. If there's no jurisdiction, isn't it a void order? Well, there's a recent case, a McCormick v. Robertson, that said anything that comes in front of the circuit courts, the circuit court has subject matter jurisdiction. However, that case stands for the proposition that, and it deals with the UCCJDA, that if the trial court fails to follow these steps that I just laid out for the court today, that it's voidable error, but it's not necessarily void, because the Constitution gives the trial court jurisdiction. I interrupted you while you were answering Judge Swarm's question, so go back to that. And the relief that we're seeking, Judge, is to go back to the date that the voidable error started, and that was November 18, 2013, to vacate the trial court's final order, to vacate the temporary order and refer custody back to where it was, so Mr. Dworkin can proceed to Louisiana to properly get this matter before that court. Please, we're good for the questions. Thank you, Counselor. You'll have the opportunity for rebuttal if you'd like. Argument for the athlete. Good morning, Your Honor. May it please the Court and Counsel.  As you pointed out in UCCJA Section 202 in Illinois, I believe that the court did have proper jurisdiction, just merely because of one word in this act. It states that a court of this state or a court of another state that determines that the child, the child's parents, and any person acting as a parent do not presently reside in the state. Ms. Brady, by her own admission and by the brief, even the brief that was written by Counsel, states that Ms. Brady was not in Louisiana for the majority of the years prior to. She went from North Dakota, she went to Pennsylvania, she went to Texas. She moved around a lot and was not actively in Louisiana, short of just visiting her parents. So she was not buying groceries in Louisiana. She was not going and attending church or doing any of the things that people do when they reside in a home state. Like, I live in Benton, I go to work in Benton, I go buy my groceries in Benton. I reside in that state. The court, fortunately, points out the difference between reside and domicile. I believe Counsel, although they say that it's not domicile, I believe that they're trying to say that she was domiciled in Louisiana, although I think she may be. It can be argued that she's not, but I think you could also argue that she is not residing there. We, there's a case that I cite in the brief that talks about what the legislators mean, what reside means. And they go on to say that it's, you know, it's not the same as domicile. It's where you, the phrase, do not presently reside, is not used in the sense of a technical domicile. The fact that the original termination state still considers one parent a domiciliary does not prevent it from losing exclusive beginning jurisdiction if the child, parents, and all persons acting as parents have moved from the state. If the child, the parents, and all persons acting as parents have all left the state, which made the custody termination prior, so all the people that were in Louisiana whenever this was made have left the state and they're residing elsewhere, to the commencement of the modification proceeding, considerations of waste resource dictate that state B, which would be Illinois, as well as state A, which would be Louisiana, either one can decide that state A has lost exclusive continuing jurisdiction. So if we look at residing in state and state A, which would be Louisiana, she no longer lives there. She moved. She was, and had no intention really to go back. The facts say that she was moving from Pennsylvania for a job to the state of Texas for another job. And in between that time, she called my client and said, you know, can you enroll the kid in the state of Illinois in school? Let me ask you, if we were to go down this road of the, it's the actual case of the first district that you're referring to. Yes, Your Honor. If we're to go down that road on reside in Louisiana or not, refresh my memory, what's in the record regarding that? I know the court, did the court specifically hear evidence on that? Well, actually, Mr., the counsel for my client at that time said, he said specifically that he agrees that jurisdiction would not be proper if the court found that she, she resided in Louisiana. And the court then determined that she did not reside in Louisiana. He mentioned that it's in the record that he had said that specific thing. And in addition, she signed a police report that she had her address as Texas. So she was residing in, in the, in Texas at the time. And that's in the record as part of the evidence in the modification of custody trial? This was one of the first, like determining if jurisdiction was proper or not. And, and Mr. DeVore, it's, he stated that if the court did find that she lived in Louisiana, that jurisdiction would not be proper. And, and the court went on to determine that jurisdiction was proper. And counsel, you're not arguing that she could waive subject matter jurisdiction, are you? It's one of my alternative arguments, but I think the main argument that I'm trying to make is that she, you know, doesn't reside in Louisiana at the time. And the child does not reside in Louisiana. And Mr., and my client was living in Illinois for several years. So everyone that was in the case in Louisiana had moved out of Louisiana. So if we go, we, then we have to determine if the child, from initial determination, if the child was where, what court would have proper jurisdiction over the child. And it comes from an initial determination, 201, except as otherwise provided section 204, for the state jurisdiction to make an initial child custody determination. So he's, he's suggesting that the home state was somewhere else, but we don't have a home state at this time. We're trying to decide initial determination. We're, we're starting over on this to determine initial determination. And so if there's no child determined, you know, if there's no home state at that time, then the, the court would have proper jurisdiction over the child. If the court of another state does not have jurisdiction and the child and the child's parents, at least one parent or person acting as a parent, has significant connections with the state, Illinois. Mr. Garlick was living in the state of Illinois, yes. Plenty of significant connections. He has a physical presence here and there's substantial evidence in the state of Illinois. Arguably more evidence in the state of Illinois than anywhere else other than Texas. Because he's living here with his family. He's, the child came to school here. There are several reasons why the, this court would have proper jurisdiction in that case. And then if we turn to section 203, as counsel pointed out. Again, the, it states that a court of the state may not, may not modify a child custody determination made by a court of another state. Unless the court of this state has jurisdiction to make an additional determination under section 201A1 or 2. And we can arguably say that the child 201 is the home state. If the child's home state, he had spent four months out of the last six months in the state of Illinois. Arguably, that would be a better home state than any other one. Because he was moving from North Dakota to Pennsylvania to Texas and was never really in Louisiana at the time. And then, in addition to that, you have to determine in number 203-2. A court of this state or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state. Again, the reside, I think we have to look at what that means and what the legislator's intent is on the reside. It's, like I said before, I don't, do not believe that the, that Ms. Brady resided in Louisiana. And as far as the next, we'll move on to the emergency OP that was filed in this case. I think she was present when her boyfriend was murdered in Texas. And she was hospitalized for two days after that. We didn't, my client did not know the circumstances surrounding what was happening. And an emergency OP, I believe, is proper in this case. Because who knows if she, if he gives the child back to her, what's going to happen? You know, is there other people out there wanting to get her because she's an eye, you know, she's an eyewitness. She was there at the time. She was physically present at the time. Are they wanting to harm her in some way? I mean, these are all the things that are going through my client's head at the time. And then before we could even get to the determination or if we could, you know, before we could contact Louisiana, the court enrolled the judgment of Louisiana into a temporary order stating that he would have custody temporarily until it can be heard at a later time. And then ultimately the child was found to be better in custody with the father. And finally, the trial court made a proper ruling as far as the best interest of the child. This is a, the judgment has to go against, to overturn this, the judgment has to go against the manifest way of what the trial court determined. And in the record, the trial court made a list of several different things, factors, and determined and was, you know, weighed which parent would be better suited to take care of the child. Instability and other things were in Mr. Dwarf's favor. So he would, they determined that he, the best interest of the child would be with Mr. Dwarf. And as far as the, you asked the question prior, I think it would be adequate and proper to the stability of the child to remain in the father's care. And to uphold this, because the trial court did determine that she did not reside in Louisiana. And the trial court determined that the best place for the child would be in the father's care. Because the father has another, a child, so the sibling, and his stability in the air, or the military, he's been in the military for several years. So in the end, I believe that it would be proper to uphold the judgment of the trial court. Thank you, Counsel. Any rebuttal argument? Yes, sir. Let me address the court's question to me earlier. Vacating the trial court's order will not have a negative effect on the child. Because prior to the change of custody, and the trial court even said this in its order, the parties had, they facilitated visitation with each other well. They, you know, they allowed liberal visitation on either side. The child grew up in Louisiana. Next door to his grandparents and his cousins with my client. So I don't think that if the court was to vacate that order, the child's not going to, he loves his mother, there's not going to be any problems there. When I discuss presently residing, I'm referring to the commencement of this action. She did work outside of Louisiana for a period of time. Her job required it. But that's no different than the appellee traveling to Afghanistan for the military. He didn't start, his residence did not become Afghanistan at that time either. And the trial court did not determine that she did not presently reside in Louisiana at the time of the commencement of this proceeding. That's not in the record and that was never made an actual determination. Aquila, the case cited by counsel, is distinguishable because the trial court in that case dealt with an initial custody order in Illinois. The parties moved to India and an India court found specifically that the parties no longer presently resided in Illinois. And that caused Illinois to lose exclusive continuing jurisdiction. In this case, that finding was never made. So the court never found that my client did not presently reside in Louisiana. So exclusive continuing jurisdiction was never ended. So, and if I may respond to your question, Judge, subject matter cannot be waived, conferred by stipulation, or consented to by the parties. And that's City of Marcells v. Radke, 287-ILL-AB-3D757. In closing, my client should not be punished for a trial court's reversible error. And she's been punished since November 18th of 2013. And again, I ask that this court vacate the trial court's order and reverse the trial court. Thank you. Thank you. We'll take this case under advisement and issue a ruling in due course.